UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL R. MCFARLAND | CIVIL ACTION NO.: |
| VERSUS | SECTION: |
| NATIONAL CASUALTY COMPANY, MIDNIGHT EXPRESS, INCORPORATED, M & J TRANSPORT, L.L.C., and CALEB J. SEDGWICK | MAGISTRATE |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes National Casualty Company, who files this Notice of Removal pursuant to 28 U.S.C. §1332 and 1441, to hereby remove this matter from state court to the docket of this Honorable Court, and respectfully represents the following:

### BACKGROUND

I.

Michael R. McFarland, Plaintiff herein, filed a lawsuit styled *Michael R. McFarland vs. National Casualty Company, Midnight Express, Incorporated, M & J Transport, L.L.C., and Caleb Sedgwick* in the 31st Judicial District Court for the Parish of Jefferson Davis, State of Louisiana, No. C-460-18, naming National Casualty Company, Midnight Express, Incorporated, M & J Transport, L.L.C, and Caleb J. Sedgwick as Defendants. The suit seeks damages for physical pain and suffering, mental pain and anguish, lost wages and economic opportunity, permanent injuries and disability, and permanent disability for Plaintiffs' alleged injuries

1

sustained from a purported automobile accident occurring in Parish of Jefferson Davis, Louisiana on August 22, 2017. (See Petition for Damages attached as Exhibit "1")

II.

The state court action commenced on July 13, 2017. These Defendants received notice on or after August 8, 2018; therefore, removal is timely under 28 U.S.C. § 1446(B)(1)-(3).

**BASIS OF REMOVAL**

III.

This suit is removable to this Court under and by virtue of the federal statutes and acts of the Congress of the United States, including 28 U.S.C. § 1332 and 28 U.S.C. § 1441, which provide federal district courts with original jurisdiction in cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

IV.

Caleb J. Sedgwick is a citizen of and domiciled in the State of West Virginia.

V.

Midnight Express, Inc. is incorporated in West Virginia with its principal place of business in West Virginia. (See Midnight Express, Inc. – West Virginia Secretary of State, attached as Exhibit 2).

VI.

M & J Transport, L.L.C. is a limited liability company based in West Virginia consisting of three members: (1) Frank Gallo; (2) Edward Dale Goff; and (3) Melissa Kay Hall. All three members are domiciled in the State of West Virginia. (See M & J Transport, L.L.C. – West Virginia Secretary of State, attached as Exhibit 3).

VII.

National Casualty Company is incorporated in the State of Ohio with its principal place of business in the State of Ohio. (See National Casualty Company – Ohio Secretary of State, attached as Exhibit 4)

VIII.

Michael R. McFarland is a citizen of the State of Louisiana.

IX.

Because Plaintiff is a citizen of the State of Louisiana and all Defendants are citizens of states other than Louisiana, complete diversity of citizenship exists among the parties.

IX.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount. *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

X.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995)).

XI.

Since Article 893 of the Louisiana Code of Civil Procedure prohibits a plaintiff from pleading a specific dollar amount of damages, no specific dollar amount is provided in the Plaintiffs' Petition. For purposes of removal, however, it is facially apparent from the Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs.

XII.

In the Petition, for example, Plaintiff alleges that defendant, Caleb Sedgwick, rear-ended his vehicle while driving on Interstate 10 in Jefferson Davis Parish. The Petition further alleges that Sedgwick's actions were "reckless and negligent" and caused harm to the Plaintiff. (*See* Petition for Damages, ¶¶ 2 & 7, attached as Exhibit "1").

XIII.

Based on these allegations, Plaintiff Michael R. McFarland claims he suffered personal injuries that necessitated medical treatment. *Id.* at ¶ 7. Further, Plaintiff Michael R. McFarland claims that the accident caused damages for past, present, and future pain and suffering, mental pain and anguish, permanent injury and disability, loss of wages and economic opportunity, and loss of enjoyment to life. *Id.*

XIV.

Based on the allegations of Plaintiff's Petition for Damages, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, for this Court to assume jurisdiction over this matter under 28 U.S.C. § 1332.

XV.

Defendant does not admit the underlying facts alleged by Plaintiff and denies liability to Plaintiff.

## **REMOVAL PROCEDURE**

XVI.

This Defendant contacted all Defendants who have been properly joined and served with Plaintiffs' petitions and all Defendants consent to this removal. This satisfies the requirement that all defendants who have been properly served with Plaintiffs' petition affirmatively consent to the removal of this action. *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (observing that notice of removal filed before all non-resident defendants served with process still effective).

XVII.

This Notice of Removal is filed within 30 days of the receipt by or service upon the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

XVIII.

The state court action was commenced on July 13, 2018 and this removal has been filed within one (1) year after its commencement.

XIX.

Venue for removal is appropriate within the Western District of Louisiana because the matter is being removed from the 31st Judicial District Court for the Parish of Jefferson Davis— a court which the Western District of Louisiana embraces, and more specifically:

> The Honorable Steve Gunnell
> 31st Judicial District Court, Parish of Jefferson Davis
> 300 North State Street, Suite 202
> Jennings, Louisiana 70546
> Office: (337) 824-3506
> Fax: (337) 824-8985

XX.

Under 28 U.S.C. § 1446(d), the movers affirm that they will give written notice of this removal to all adverse parties and will file a copy of the Notice with 31st Judicial District Court Parish of Jefferson Davis. No defendant objects to the filing of this Removal.

XXI.

Pursuant to 28 U.S.C. § 1447(b) and LR 3.2, movers identify all known counsel as follows:

a. *Counsel for Plaintiff – Michael R. McFarland*
   Trey Morris (#28162)
   Elizabeth A. Hancock (#35487)
   509 Milam Street
   Shreveport, Louisiana 71101
   Telephone: (318)221-1507
   Fax: (318)221-4560

b. *Counsel for Defendant—National Casualty Company*
   Doris T. Bobadilla (#24025)
   Andrea L. Albert (#27353)
   Ryan D. O'Connor (#35272)
   Galloway, Johnson, Tompkins, Burr & Smith
   #3 Sanctuary Boulevard, Third Floor
   Mandeville, Louisiana 70471
   Phone: (985) 674-6680
   Facsimile: (985) 674-6681

b. *Counsel for Defendant—M & J Transport, LLC and Caleb Sedgwick*
   Robert A. Mahtook
   Mahtook & LaFleur, LLC
   600 Jefferson Street, Suite 1000
   Lafayette, Louisiana 70501
   Phone: (337) 266-2189
   Facsimile: (337) 266-2303

XXII.

Further pursuant to 28 U.S.C. § 1447(b), a complete copy of the state court record has been requested from the 31st Judicial District Court. Upon receipt, movers will supplement this filing with a copy all state court pleadings, including any answers and any return of service of process filed in state court so far.

XXIII.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that she has read the foregoing Notice of Removal. She likewise certifies that to the best of her knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

XXIV.

National Casualty Company requests a trial by jury.

**WHEREFORE,** Defendant, National Casualty Company, prays that this Notice be accepted as good and sufficient, and that this civil action be removed from the 31st Judicial District Court Parish of Jefferson Davis, State of Louisiana, to the docket of this Honorable Court for determination as provided by law, and that this Court enter such Orders and issue such process as may be proper, including copies of records and proceedings of the action from the 31st Judicial District Court Parish of Jefferson Davis State of Louisiana, and then proceed with the civil action as if it had been originally commenced in this Court.

Respectfully submitted,

/s/ Andrea L. Albert_____
**DORIS T. BOBADILLA (#24025)**
**ANDREA L. ALBERT (#27353)**
**RYAN D. O'CONNOR (#35272)**
**GALLOWAY, JOHNSON, TOMPKINS,**
  **BURR & SMITH**
#3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana  70448
Telephone: (985) 674-6680
Facsimile:  (985) 674-6681
*Attorneys for Defendant National Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September, 2018 a copy of the foregoing pleading has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system.

/s/ Andrea L. Albert_____
**ANDREA L. ALBERT**